UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ATP OIL & GAS CORPORATION                    CIVIL ACTION
and ST. PAUL SURPLUS LINES
INSURANCE COMPANY

v.                                           NO. 06-4107

JACOB PAUL FITCH, GOLDIE FITCH,              SECTION "F"
as natural tutor and general
guardian of her minor children,
Joshua Robert Fitch and Jamie Renee
Fitch, JOSHUA ROBERT FITCH, JAMIE
RENEE FITCH, JULIANA LISA RAMOUTAR-
FITCH, and AARON BABINEAUX

ORDER AND REASONS

Before the Court are two motions:  the defendants' motion to
dismiss the plaintiffs' complaint for a declaratory judgment and
the plaintiffs' motion for summary judgment.  For the reasons
stated below, the plaintiffs' motion for summary judgment is
GRANTED and the defendants' motion to dismiss is DENIED.


I.  Background

On July 8, 2006, an explosion occurred on Platform Grand Isle
9A.  Aaron Babineaux escaped with minor physical injuries, but
Jerry Fitch was killed.  The platform is owned by ATP Oil & Gas
Corporation and Exxon Mobil Corporation.  ATP Oil & Gas solely
operates the platform under an agreement with Exxon Mobil.  ATP Oil

1

& Gas uses subcontractors to provide production operators who man, maintain, and operate the platform.  Both Babineaux and Fitch were employees of one of the subcontractors, Production Management Industries, LLC.  The record indicates that Babineaux and the family of Jerry Fitch plan to file a tort claim against ATP Oil & Gas, but have not yet filed.

ATP Oil & Gas and their insurer, St. Paul Surplus Lines Insurance Company, filed a complaint for declaratory judgment, asking this Court to exercise diversity jurisdiction over the parties and declare the status of the relationship between ATP Oil & Gas and Babineaux and Fitch.  The defendants filed a motion to dismiss, asking the Court to exercise its discretion and dismiss the declaratory action to allow them to file their lawsuit in the court of their choosing.  The defendants also argued that the accident occurred in federal waters, implicating the Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C. § 1307(a)(2), and further challenged the diversity jurisdiction of this Court.[1]  ATP Oil & Gas opposed this motion and filed a motion for summary

---

[1]    If the defendants are correct in their assertion that the OCSLA applies, then a platform worker's remedy against his employer is controlled by the Longshoreman Harbor Workers' Compensation Act, 33 U.S.C. § 901, et seq.  But if the plaintiffs are correct in that the accident occurred in Louisiana territorial waters, any claims arising out of this incident are subject to the Louisiana Worker's Compensation Act (LHWCA).  See Suire v. The William G. Helis Co., 915 So.2d 351, 352 (La. 2005)("In Herb's Welding, Inc. v. Gray, the United States Supreme Court established that a worker injured on a fixed platform within Louisiana state territorial waters is not engaged in maritime employment; thus, the worker is not a seaman and is not entitled to benefits under the LHWCA.  Plaintiff's sole remedy is workers compensation.").

judgment.

## II.  The Motion for Summary Judgment

ATP Oil & Gas and St. Paul moved for summary judgment of their complaint seeking a declaratory judgment that the defendants are barred from asserting a tort claim against ATP and St. Paul based on the "statutory employer" defense set forth in Louisiana Revised Statute 23:1061.  They claimed the accident that injured Babineaux and killed Fitch occurred aboard a fixed platform located in Louisiana territorial waters, thereby rendering Louisiana law applicable to any potential claims which could be asserted by the defendants.

Rule 56 of the Federal Rules of Civil Procedure instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986).  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion.  See id.  Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is

appropriate.  Id. at 249-50 (citations omitted).  Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party.  See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992).  Rather, she must come forward with competent evidence, such as affidavits or depositions, to buttress his claims.  Id.  Hearsay evidence and unsworn documents do not qualify as competent opposing evidence.  Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987).  Finally, in evaluating the summary judgment motion, the court must read the facts in the light most favorable to the non-moving party.  Anderson, 477 U.S. at 255.

ATP Oil & Gas have presented sworn evidence supporting their assertions that the platform upon which the accident occurred is, in fact, located in Louisiana waters, not federal waters.  The evidence also supports ATP's assertions that the state of Louisiana granted oil leases to ATP for the wellheads located on the platform, and that both Babineaux and Fitch were employed by the subcontractor and not by ATP.

The defendants, on the other hand, have presented no contradicting evidence and state "in light of the deposition of plaintiffs' expert surveyor, Mr. Chad Robichaux, defendants have nothing to offer in opposition to plaintiffs' Motion for Summary Judgment."  Accordingly, this motion is deemed to be unopposed and,

further, it appearing to the Court that the motion has merit, the plaintiffs' motion for summary judgment is GRANTED.

III.   The Motion to Dismiss the Complaint for a Declaratory Judgment

The Declaratory Judgment Act, 28 U.S.C. § 2201, provides that a district court "may declare the rights and other legal relations of any interested party."  Rule 57 of the Federal Rules of Civil Procedure states, "[t]he existence or non-existence of any right, duty, power, liability, privilege, disability, or immunity or of any fact upon which such legal relations depend, or of a status, may be declared."   The Fifth Circuit has noted expressly that "[s]eeking a declaratory judgment is an appropriate mechanism for obtaining a determination of immunity."  In re:  B-727 Aircraft Serial No. 21010, 272 F.3d 264 (5th Cir. 2001)(citing Advisory Committee Notes to Rule 57).

While this Court has broad discretion over whether to decide a declaratory judgment action or to abstain from doing so, this discretion is not unfettered.   The Fifth Circuit has recently refined the factors a court must consider when determining whether to grant a declaratory judgment.   See Sherman-Williams Co. v. Holmes County, 343 F.3d 383, 390-91 (5th Cir. 2003).  These factors fall into three categories:  (1) Federalism concerns, based on the proper allocation of decision-making between the state and federal courts;  (2) Fairness concerns, based on whether legitimate or improper and abusive reasons for forum selection are present;  and

5

(3) Efficiency concerns, based on the avoidance of duplicative or piecemeal litigation where possible.

   In light of these factors to be weighed before making a declaratory judgment, this Court finds no reason to exercise its discretion and abstain from granting a declaratory judgment. Accordingly, the defendants' motion to dismiss the complaint for declaratory relief is DENIED.

New Orleans, Louisiana, January 17, 2007.


_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE